UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                                                :
UNITED STATES OF AMERICA,             :

                 Plaintiff,                :

             -- against --           :           **ORDER**

WILLIAM SANTIAGO,               :           03 Cr. 664 (AKH)

                 Defendant.              :
-------------------------------------------------------X

ALVIN K. HELLERSTEIN, U.S.D.J.:

      Defendant William Santiago pleaded guilty to two counts of receiving and distributing materials that contained child pornography, 18 U.S.C. § 2252A(a)(2)(B), and one count of possessing materials that contained child pornography, 18 U.S.C. § 2252A(a)(5)(B). Defendant was initially sentenced to a term of imprisonment of 78 months, a term I later reduced to 63 months pursuant to United States v. Booker, 543 U.S. 220 (2005) and United States v. Crosby, 397 F.3d 103 (2d .Cir. 2005). As a condition of Defendant's supervised release, I required Defendant to participate in a sex offender and/or mental health treatment program, and required that Defendant abide by all terms of the treatment programs, including submission to polygraph testing. Defendant, who is completing his prison term at the Bronx Residential Re-entry Center, has submitted a letter to the Court seeking leave to file a habeas petition contesting the administering of a polygraph.

      The requirement that Defendant submit to polygraph testing as part of his treatment was imposed at Defendant's initial sentencing on December 19, 2003. In imposing Defendant's sentence, I read the condition in open court, and the condition was

also included in the presentence investigation report that was reviewed by Defendant and his counsel. The time to oppose the imposition of the condition was at sentencing and, in any event, no later than his appeal. Having not done so, Defendant cannot now contest the imposition of the condition via habeas petition. See United States v. Pipitone, 67 F.3d 34, 38 (2d Cir. 1995) (holding that a petitioner cannot raise an issue that could have been raised on direct appeal in a habeas petition absent a showing of cause and prejudice).

In any event, even if Defendant had challenged the polygraph testing condition on direct appeal, his challenge would have been unsuccessful. Special conditions for supervised release may be imposed pursuant to 18 U.S.C. § 3583(d) where the conditions are reasonably related to (1) the nature and circumstances of the offense and the characteristics of the defendant and (2) the purposes of sentencing, "including the need to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provided the defendant with needed training or treatment". United States v. Johnson, 446 F.3d 272, 277 (2d Cir. 2006). In United States v. Johnson, the Second Circuit upheld the use of a polygraph examination for a convicted sex offender as a condition of supervised release pursuant to 18 U.S.C. § 3583(d) because of the nature of the offense and the fact that the defendant was a serial offender. The Second Circuit also held that requiring a defendant to submit to a polygraph examination does not violate the defendant's Fifth Amendment rights because polygraph evidence is inadmissible, and a defendant would be free to challenge the evidence should the evidence be used against him in a future proceeding.

The Defendant in this case pled guilty to three counts involving child pornography. The numerous images found by FBI agents on the Defendant's computer were graphic, violent and involved in some cases very young children engaging in sexual activity against their will. While Defendant accepted more responsibility for his actions in October 2005 at his resentencing, causing me to reduce his imprisonment term, Defendant did not initially appear to understand the severity of his criminal activity. Defendant is clearly an individual in grave need of mental health treatment, and the polygraph examination will be administered in connection with that treatment. The condition is appropriate under 18 U.S.C. §3583(d). Consequently, Defendant's request for relief from this Court is denied.

SO ORDERED.

Dated:   New York, New York
         May 2, 2008

ALVIN K. HELLERSTEIN
United States District Judge

3